UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| TERRY M. NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-284 |
| | ) | |
| HOUSING AUTHORITY OF SAVANNAH, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Terry M. Newton, who suffers from sickle cell disease, complains that defendant Housing Authority of Savannah ("HAS") discriminated against her in violation of the Americans with Disabilities Act of 1990 by terminating her employment based upon her illness. (Doc. 1 at 7.) HAS moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, claiming that Newton's termination was based upon a positive drug test, not her sickle cell disease. (Doc. 24.)

**I. SUMMARY JUDGMENT STANDARD**

Under Rule 56, a court must enter summary judgment where the record, taken as a whole, establishes "that there is no genuine dispute as

to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if it might affect the outcome of the case under the governing law. . . . It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Baker v. Sears, Roebuck & Co.*, 903 F.2d 1515, 1518 (11th Cir. 1990) (citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has shown that the party bearing the burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Rule 56(e)).

Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party

'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for trial." *Tidmore v. BP Oil Co./Gulf Prods. Div.*, 932 F.2d 1384, 1387 (11th Cir. 1991) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). A mere scintilla of evidence supporting the non-moving party's position will not fulfill its burden. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court may, but is not required, to consider the entire record in the case, not just those portions of the record which have been singled out for attention by the parties. Fed. R. Civ. P. 56(c)(3).

## II. ANALYSIS

### A. Factual Background

HAS selected Newton, an occupancy technician, for a random drug test on June 28, 2010.[1] (Doc. 24-1 at 1.) She tested positive for proproxyphene, an opioid painkiller contained in the prescription drugs Darvocet and Darvon. (*Id.*) Douglas Reed, defendant's human

---

[1] The HAS Drug-Free Workplace Policy states that it may take disciplinary action, up to termination, against an employee based upon a confirmed positive test result. (Doc. 24-1 at 2.) Newton admitted that she knew she was subject to such testing. (*Id.*)

3

resources director, received the test results[2] and called Newton to his office; she admitted that she had taken a pain killer given to her by a relative. (*Id.* at 3.) According to Newton, she explained to Reed that she had sickle cell disease and was experiencing a painful flare up. (Doc. 27 at 2.) Reed, however, contends that he did not even know that Newton had sickle cell disease until after HAS terminated her employment. (Doc. 24-1 at 4; doc. 24-2 (Reed aff.) ¶ 7; *but see* doc. 27-1 at 14 (page from Newton's personnel file reflecting that she had sickle cell disease).) In any event, Newton admitted that she did not have a prescription. (Doc. 1 at 10; doc. 24-2 ¶ 6.) On July 15, 2010 HAS terminated her.[3] (*Id.*)

While Newton takes issue with several other specific factual averments in defendant's statement of material facts, those disputes have no bearing on the core issues presented.

---

[2] Reed says he received the results on July 14, 2010 (doc. 27-2 ¶ 6), but Newton insists that he received the lab results on June 30, 2010. (Doc. 27 at 2.)

[3] Newton also admitted in her deposition that none of her supervisory personnel had any reason to dislike her because of her disease. (Doc. 24-1 at 4.) Nor could Newton recall any other incidents where defendant had terminated an employee based on a disability. (*Id.*)

### B. Newton is not a "Qualified Individual"

The ADA prohibits employers from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). However, "'a qualified individual with a disability' shall not include any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." 42 U.S.C. § 12114(a).

Here, Newton freely admits that she "tested positive on a random drug test for taking medication I did not have a prescription for." (Doc. 1 at 3.) She does not contest this characterization in her motion for summary judgment. (Doc. 27.) Nor has she suggested that she falls within the "safe harbor" provision, 42 U.S.C. § 12114(b), which exempts individuals who had started or completed drug rehabilitation and discontinued drug use before the employer action or were erroneously regarded as engaging in drug use. *See Mauerhan v. Wagner Corp.*, 649

F.3d 1180, 1185 (10th Cir. 2011) (explaining safe harbor provision). Since Newton was not a "qualified individual," she cannot invoke the ADA and her claim necessarily fails. Hence, defendant's motion for summary judgment should be granted.

C. **Legitimate Nondiscriminatory Reason**

Even if Newton is a "qualified individual" and has established a prima facie showing of discrimination,[4] she cannot survive summary judgment. In such situations, the burden shifts to the defendant to come

---

[4] The Court assumes without deciding that if Newton is a "qualified individual" she has made out a prima facie claim of discrimination under the familiar *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), burden-shifting analysis used in circumstantial evidence cases. *See Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). That is, she demonstrated "that she (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of her disability." *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).

Defendant contends, however, that Newton cannot show that she is disabled, since her sickle cell disease has not substantially limited her major life activity of maintaining employment. (Doc. 24 at 6-9.) A person is considered to be disabled under the ADA if he or she has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. 12102(2); *Harris v. H & W Contracting Co.*, 102 F.3d 516 (11th Cir. 1996). Without delving too deeply into the matter, the Court notes that there is no hard and fast rule for sickle cell disease. Instead, the inquiry depends upon the facts peculiar to each plaintiff. *Compare Lawson v. Plantation Gen. Hosp., L.P.*, 704 F. Supp. 2d 1254, 1276-80 (S.D. Fla. 2010) (fact issue remained as to whether employee's sickle cell disease substantially limited any major life activities), *with Vincent v. Wells Fargo Guard Servs., Inc.*, 3 F. Supp. 2d 1405, 1417-18 (S.D. Fla. 1998) (sickle cell disease so disabling that defendant was not a qualified individual under the Act, since he could not reliably perform his duties as a security guard even with reasonable accommodations).

forward with evidence of a legitimate, non-discriminatory reason for the challenged adverse employment action, which rebuts the presumption of discrimination. *Hollifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (citing *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998)); *Brown v. Chertoff*, 563 F. Supp. 2d 1372, 1378 (S.D. Ga. 2008). Here, HAS has a Drug-Free Workplace Policy.[5] (Doc. 24-1 at 1-2 (citing Reed aff. and Newton dep.); doc. 27 at 2.) The policy, which HAS attached to its motion, shows that it retains the right to discharge an employee for positive confirmed test with no valid explanation. (Doc. 25-3 at 4.) Newton contends that Reed did not follow the procedural steps outlined in the policy, but she does not contest HAS's assertion that she violated the policy and was subject to discharge. Hence, HAS has offered evidence of a legitimate nondiscriminatory reason for terminating Newton's employment.

Since HAS has met its burden of production, the burden then shifts back to the plaintiff to establish that the defendant's proffered reasons are

---

[5] Newton was fired under the 2008 version, but it was since modified after Newton's termination in 2010. (Doc. 24-1 at 1-2.)

merely pretext for the employer's discriminatory and retaliatory actions. *Brown*, 563 F. Supp. 2d at 1378. In other words, Newton must come forward with evidence "sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were not the real reasons" for the employment action. *Perrero v. Spectacor Mgmt. Group*, 308 F. App'x 327, 329 (11th Cir. 2009) (quoting *Chapman v. A.I. Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000)). Generally, "[t]hree types of evidence can be used to prove pretext: 1) comparative evidence; 2) statistical evidence; and 3) direct evidence of discrimination." *Miles v. M.N.C. Corp.*, 750 F.2d 867, 870 (11th Cir. 1985).

Newton proffers nothing but conjecture. She suggests that Reed lied about his knowledge of Newton's sickle cell disease, failed to follow perfectly the procedural steps outlined in the Drug-Free Workplace Policy, and suspiciously changed the policy after she had been terminated. (Doc. 27.) Suspicions and conjecture do not qualify as evidence. Moreover, she does not contest HAS's assertion that it has terminated *every* employee who has tested positive for drugs in the last five years,

since Reed became director.[6] (Doc. 24-1 at 4.) Since she admittedly violated the policy and HAS has terminated every other employee to do so, the Court rejects Newton's pretext showing. Accordingly, defendant's motion for summary judgment succeeds even if Newton is covered by the Act and presents a prima facie showing of discrimination.

III. CONCLUSION

For the reasons explained above, defendant's motion for summary judgment (doc. 24) should be **GRANTED**, and this case should be **DISMISSED** with prejudice.

**SO REPORTED AND RECOMMENDED** this <u>9th</u> day of January, 2012.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6] Newton compares herself to other employees who committed "Class I" policy violations who were not terminated. (Doc. 27 at 3.) But the employees she references were not drug users. Angela James was investigated for falsifying records and Tiwana Brown was arrested for theft by taking. (Id.)